UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GEOFFREY LEVY,

                                  Plaintiff,

     - against -

CVS PHARMACY, INC.,

                                 Defendant.
------------------------------------------------------------------------X

Civil Action No.

**COMPLAINT AND JURY DEMAND**

Trial by Jury Demanded

        Plaintiff, GEOFFREY LEVY (hereinafter "Plaintiff"), by his attorneys, HAICKEN LAW PLLC and for his Complaint against the Defendant, CVS PHARMACY, INC. alleges as follows:

        1.     Plaintiff, GEOFFREY LEVY, is an individual and resident of the State of New York, County of Westchester.

        2.     Defendant CVS PHARMACY, INC. was and is a Rhode Island corporation with its principal place of business in Woonsocket, Rhode Island.

        3.     At all times hereinafter mentioned, Defendant CVS PHARMACY, INC. was and still is a foreign business corporation.

        4.     At all times hereinafter mentioned and on August 15, 2020, Defendant CVS PHARMACY, INC. was and still is a foreign business corporation.

        5.     At all times hereinafter mentioned Defendant CVS PHARMACY, INC. was and still is a foreign business corporation duly authorized to conduct business in the state of New York.

        6.     At all times hereinafter mentioned and on August 15, 2020, Defendant CVS PHARMACY, INC. was and still is a foreign business corporation duly authorized to conduct business in the State of New York.

1

7.      That this Court has jurisdiction pursuant to 28 U.S.C §1332 (a) and the amount in controversy exceeds $75,000 exclusive of interest and costs.

8.      Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) (2).

9.      At all times hereinafter mentioned, and on August 15, 2020, Defendant CVS PHARMACY, INC. owned the premises located at 202 Highland Avenue, Ossining, New York 10562 in the State of New York and County of Westchester.

10.     At all times hereinafter mentioned, and on August 15, 2020, defendant CVS PHARMACY, INC., its agents, servants and employees operated the premises located at 202 Highland Avenue, Ossining, New York 10562 in the State of New York and County of Westchester.

11.     At all times hereinafter mentioned, and on August 15, 2020, defendant CVS PHARMACY, INC., its agents, servants and employees leased the premises located at 202 Highland Avenue, Ossining, New York 10562 in the State of New York and County of Westchester.

12.     At all times hereinafter mentioned, and on August 15, 2020, defendant CVS PHARMACY, INC., its agents, servants and employees subleased the premises located at 202 Highland Avenue, Ossining, New York 10562 in the State of New York and County of Westchester.

13.     At all times hereinafter mentioned, and on August 15, 2020, defendant CVS PHARMACY, INC., its agents, servants and employees controlled the premises located at 202 Highland Avenue, Ossining, New York 10562 in the State of New York and County of Westchester.

14.     At all times hereinafter mentioned, and on August 15, 2020, defendant CVS PHARMACY, INC., its agents, servants and employees maintained the premises located at 202 Highland Avenue, Ossining, New York 10562 in the State of New York and County of Westchester.

15.     At all times hereinafter mentioned, and on August 15, 2020, defendant CVS PHARMACY, INC., its agents, servants and employees managed the premises located at 202 Highland Avenue, Ossining, New York 10562 in the State of New York and County of Westchester.

16.     That on August 15, 2020 Plaintiff was lawfully on the aforementioned premises.

17.     That on August 15, 2020 Plaintiff was lawfully on the aforementioned premises when he was caused to sustain serious and permanent injuries from unsafe conditions which caused him to trip and fall.

18.     That the Plaintiff's injuries resulting therefrom were proximately caused by the carelessness, recklessness and negligence of the Defendant its agents, servants and employees in the ownership, operation, leasing, subleasing, control, maintenance and management of the aforementioned premises, without any negligence, want of care, assumption of the risk on the part of Plaintiff contributing thereto.

19.     The Defendant had both actual and constructive notice of the defective, dangerous and trap-like conditions in existence on said Defendant's premises, but failed to remedy same in a timely fashion or to warn the Plaintiff of the dangerous conditions prior to the happening of the occurrence as herein alleged.

20.     That the aforesaid occurrence was due by reason of the negligence, carelessness and recklessness of the Defendant its agents, servants and employees in owning, operating, leasing,

subleasing, managing, maintaining and controlling the subject premises in a careless, reckless, dangerous, negligent, improper, imprudent and wanton manner and more particularly in failing to keep the premises passable and in safe condition; in causing, permitting and allowing a dangerous condition to develop in which Defendant knew or should have known would be traversed by members of the general public, and more particularly this Plaintiff; in causing, creating and/or permitting there to be, become and remain on the property aforementioned a tripping hazard; in failing to have adequate personnel to monitor, inspect, manage and/or maintain the aforementioned location; in causing and creating a hazard and danger to this Plaintiff and others within the aforementioned premises; in causing, creating, permitting and/or maintaining a trap, nuisance, and menace to be, remain and exist in, all of which the defendant knew, or should have known by the exercise of reasonable inspection, observation and care; in having inadequate and/or insufficient personnel to monitor, inspect, manage and/or maintain the aforementioned location; in failing to maintain the premises in a good and safe condition, free from hazards and defects; in failing in Defendant's duty to maintain the premises in a reasonably safe condition; in failing to maintain its premises in a reasonably safe condition for patrons invited into and onto its premises; in violating the applicable laws, statutes, ordinances, rules, and regulations in such cases made and provided; and the Defendant was in other ways negligent, reckless and careless.

21.    It was the duty of Defendant, together with Defendant's agents, servants and employees to maintain the aforementioned premises, in a reasonably good, safe and passable condition free from hazards and defects and to comply with applicable rules, regulations and laws.

22.    This action falls within one or more of the exceptions set forth in CPLR Section 1602.

23. By reason of the foregoing, the Plaintiff sustained severe injuries and damages, was rendered sick, sore, lame and disabled, sustained severe shock and mental anguish great physical and emotional upset all of which injuries are, upon information and belief, permanent in both nature and duration, and has and will continue to suffer pain and suffering, both physical and emotional, and has incurred, and will continue to incur medical expenses, and has been unable to pursue his usual vocations, all to his great damage.

24. Plaintiff has no adequate remedy at law and continues to suffer irreparable harm due to personal injuries and pain and suffering as a result of the acts of Defendant as aforesaid in the amount of Five Million Dollars ($5,000,000).

25. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

WHEREFORE, Plaintiff respectfully requests that the Court grant relief as follows:

I. Awarding damages to Plaintiff, Geoffrey Levy for past and future medical expenses, personal injuries and pain and suffering in the total amount of Five Million Dollars ($5,000,000).

II. The costs of this action

III. Such other and further relief as the Court may deem just and proper under the circumstances.

Dated: New York, New York
October 11, 2020

Yours, etc.,

HAICKEN LAW PLLC

*Sandra L. Bonder*

_____
BY: SANDRA L. BONDER, ESQ. (3492)
Attorney for Plaintiff
GEOFFREY LEVY
1430 Broadway, Suite 1802
New York, New York 10018
(212) 592-8326

TO:

CVS PHARMACY, INC.
CT Corporation System
28 Liberty Street
New York, New York 10005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GEOFFREY LEVY,                                              Civil Action No.

                        Plaintiff,

    - against -

CVS PHARMACY, INC.,

                        Defendant.
------------------------------------------------------------------------X

      SANDRA L. BONDER, ESQ., an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following under the penalties of perjury:

      I am associated with the law firm HAICKEN LAW PLLC counsel for the plaintiff.

      I have read the foregoing Complaint with Jury Demand and know the contents thereof; the same is true to my knowledge except as to the matters therein stated to be alleged upon information and belief and that as to those matters, I believe them to be true.

      This verification is made by affirmant and not by plaintiff because plaintiff is not in the County of New York, which is the County where your affirmant maintains offices.

      The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with said plaintiff, telephone conversations had with said plaintiff, in person meetings had with said plaintiff, information contained within said plaintiff's file, which is in affirmant's possession, and other pertinent data relating hereto.

Dated: New York, New York
       October 11, 2020

                                                   *Sandra L. Bonder, Esq.*
                                        _____
                                           SANDRA L. BONDER, ESQ.